| | |
|---|---|
| AMY WOODS, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | )   CIVIL ACTION NO.: |
| v. | ) |
| | ) |
| CITY OF FRANKLIN, | )   JURY DEMAND |
| TENNESSEE, | ) |
| | ) |
|     DEFENDANT. | ) |

## COMPLAINT

**I. INTRODUCTION**

1. Plaintiff Amy Woods brings this action under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e et seq., as Amended by the Civil Rights Act of 1991, 42 USC § 1981a, and 42 USC § 1988. Plaintiff alleges that Defendant discriminated against her on the basis of her female gender when Defendant denied her a promotion to the position of GIS Manager. Defendant is liable under either a pretext or a "motivating factor" or mixed motive theory of liability under Title VII. Plaintiff is entitled to equitable relief including instatement into the position she would have held in the absence of discrimination, backpay, as well as compensatory damages, damages,

1

liquidated damages, and attorneys fees, costs, and expenses. Plaintiff demands a trial by struck jury on all claims.

## II. JURISDICTION

2. This Court has jurisdiction in accordance with 28 U.S.C. 1331, 1343, 2201, and 2202. Venue is proper pursuant to 28 U.S.C. 1391 and Title VII's Choice of Venue provision, 42 U.S.C. § 2000e-5(f)(3).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff timely filed her charge of discrimination on February 4, 2021 within 180 days of the occurrence of the last discriminatory act. Plaintiff also timely filed her Complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the U.S. Department of Justice, Civil Rights Division on January 14, 2022.

## III. PARTIES

4. Plaintiff Amy Woods is female resident of the state of Tennessee, above the age of majority.

5. Defendant, City of Franklin, Tennessee, (hereinafter "Defendant,") is an "employer" under Title VII 42 USC §2000e(b).

## IV. FACTS

6. Plaintiff began working at Defendant on or around September 10, 2014, as a

Senior GIS Specialist.

7. At that time Plaintiff had a GISP license, which is a certified geographic information systems (GIS) professional license as registered by the GISCI board.

8. When Plaintiff began her employment she had over eleven years GIS experience and over five years of experience as a supervisor.

9. Plaintiff performed her job well throughout her entire employment with Defendant.

10. According to Defendant's EEOC Position Statement, around February 17, 2020 the IT Director, Jordan Shaw, resigned from Defendant, and on June 12, 2020 the Assistant IT Director, Ryan Tate, who was over software applications, resigned.

11. Defendant promoted Assistant IT Director, Jason Potts, who was over network operations, to the IT Director job.

12. Potts in turn promoted the GIS Manager, Chris Robinson, to the Assistant IT Director position over software applications in May 2020, creating a vacancy in the GIS Manager job.

13. Defendant did not post that GIS Manager job, which prohibited Plaintiff and other qualified candidates from applying.

14. In May 2020, Plaintiff asked management, including Potts and Robinson, to consider her for the GIS Manager position, and explained to them why she was the most qualified person for that position.

15. Plaintiff had already been performing many GIS Manager duties since 2017 without the title.

16. Plaintiff was updating servers, managing geodatabases, and holding department meetings (GIS Manager duties) without the appropriate title or an increase in pay.

17. Defendant selected Andrew Southern, a man, for the GIS Manager position.

18. Defendant had hired Southern around 2017 as an intern with no experience, and he worked under Plaintiff's supervision as a GIS/GPS Technician.

19. IT Director Jason Potts and Assistant Director Robinson made the decision to select Mr. Southern for the IT Manager position.

20. Even after Southern became the GIS Manager over Plaintiff, Plaintiff continued to provide Southern with direction at work because Southern was not familiar with the GIS Manager role as was Plaintiff.

21. Although the GIS Manager position was never posted and the selection was done behind the scenes, the previous posting stated that the GIS Manager must have at least six years of experience and hold a GISP, both of which Plaintiff

had and neither of which were possessed by Southern.

22. Plaintiff had over twenty years of experience in GIS, while Southern had three, and Plaintiff took aspiring supervisor classes while Southern opted out.

23. The gender discrimination in the selection decision is evident because Plaintiff was significantly more qualified than Southern for the GIS Manager position; in fact, Southern was not qualified for that job.

24. The GIS manager position called for six to eight years of GIS experience and a GISP certificate/license.

25. Mr. Southern did not have the minimum six years of GIS experience nor the GISP license.

26. In other words, Southern did not meet the minimum qualifications for the job because he lacked the required experienced and license.

27. Selecting an unqualified male over Plaintiff, a qualified female, is evidence of gender discrimination.

28. During Plaintiff's six years at Defendant, she was discriminated against over several incidents.

29. The IT department has just four females amongst its twenty-four employees.

30. None of these women hold upper management titles.

31. After this discriminatory selection decision, Plaintiff promptly complained of

gender discrimination to Human Resources and others in upper management.

32. Human Resources and management could not give Plaintiff a legitimate non discriminatory reason why she had not been selected for that job instead of Southern.

33. Defendant had no answer for Plaintiff when she pointed out Southern did not meet the minimum qualifications for the job. They could only say things like "We just wanted to give Andrew a try."

34. After that, management began retaliating against Plaintiff. For example, IT Director Potts told Plaintiff he would not even speak to Plaintiff unless HR was present.

35. Management began isolating Plaintiff, removing her from meetings and taking numerous other adverse employment actions against her.

36. This gender discriminatory and retaliatory treatment left Plaintiff no option but to leave this job at the City in October 2020 in order to have any hope of advancement in her career.

37. Plaintiff filed an EEOC Charge on January 24, 2021.

38. On February 10, 2021, the EEOC contacted and interviewed Defendant about Plaintiff's EEOC Charge.

39. On February 28, 2021, Defendant removed Southern from his GIS Specialist

Manager position and stated to the EEOC that Southern had only been appointed to that job on an interim basis from June 1, 2020 to February 28, 2021.

40. Defendant subsequently moved Robinson back into the GIS Manager position.

41. Said gender discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

42. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory damages is her only means of securing adequate relief.

43. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

44. Plaintiff is now suffering, and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## V. CAUSE OF ACTION

### A. Count I – Denial of Promotion – Gender Discrimination in Violation of Title VII

45. Plaintiff brings this Count Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended by 42

U.S.C. §1981a.

46. Defendant discriminated against Plaintiff because of her female gender by denying her a promotion to the GIS Manager position and selecting a less qualified male over her for that job.

47. Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for denying her a promotion gender was at least a motivating factor in the adverse employment actions Defendant took against her.

48. Said gender discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

49. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory damages is her only means of securing adequate relief.

50. Plaintiff is now suffering, and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VI. PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiff the following relief:

1. Issue a declaratory judgment that the employment policies, practices,

procedures, conditions and customs of Defendant violate the rights of Plaintiff secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., and 42 U.S.C. Section 1981(a).

2. Grant Plaintiff instatement into the position she would have had at the appropriate pay absent the discriminatory denial of promotion, a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant, and at the defendant's request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to any of the above-named statutes.

3. Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 1981a, and Order requiring Defendant to make Plaintiff whole by instating her into the position she would have occupied in the absence of gender discrimination awarding her front pay if instatement is not possible, awarding her back-pay (plus interest), nominal damages, lost seniority, benefits, loss of pension, compensatory damages, and post judgment interest.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees,

and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**.

Respectfully submitted,

/s/ Daniel Arciniegas
Arciniegas Law
1242 Old Hillsboro Road
The Atrium Building
Franklin, TN 37069
629-777-5339

Jon C. Goldfarb (pro hac vice admission pending)
L. William Smith (pro hac vice admission pending)

WIGGINS, CHILDS, PANTAZIS, FISHER, & GOLDFARB LLC.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

Counsel for Plaintiff